IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEANGELO FAVORS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-25-265-SLP |
| ) | |
| **AMY PALUMBO, et al.,** ) | |
| ) | |
| **Defendant(s).** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, filed a complaint alleging violation of his civil rights. (Doc. 1). United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). Based on Plaintiff's failure to file an *in forma pauperis* motion with the signature of an authorized officer and a statement of Plaintiff's institutional accounts, the undersigned recommends that the court **DISMISS** the action without prejudice to the re-filing.

On March 4, 2025, the Court ordered Plaintiff to cure deficiencies in Plaintiff's Motion For Leave to Proceed *In Forma Pauperis* because it did not contain a signature of an authorized officer or include a statement of Plaintiff's institutional accounts.[1] (Doc. 5). Plaintiff was ordered to cure these deficiencies on or before March 25, 2025. (*Id.* at 2).

---

[1] In his Motion, Plaintiff advised that he was "waiting on DOC to give [him] a financial statement." (Doc. 2, at 2). But, despite the Court's Order, Plaintiff has not provided an update.

Plaintiff was warned that "[f]ailure to comply with this Order may result in the dismissal of this action." (*Id.*)  Plaintiff has not cured these deficiencies, as ordered.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action.  The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute."  *Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (quotations omitted).  If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order.  *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

Plaintiff's failure to comply with the Court's Order leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action.  *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).  As outlined above, the Court has provided Plaintiff sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation.  Thus, considering the court's right and responsibility to manage its cases, the undersigned finds that Plaintiff's failure to comply with the Court's Order (Doc. 5) warrants a recommendation that the Court **DISMISS** this action without prejudice to the re-filing.

3

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before April 18, 2025**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned also advises Plaintiff that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 28th day of March, 2025.

*[signature]*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE